Robert B. Carey (SBN 011186)
John M. DeStefano (SBN 025440)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
johnd@hbsslaw.com

Brett L. Slavicek (SBN 019306)
James Fucetola (SBN 029332)
Justin Henry (SBN 027711)
**THE SLAVICEK LAW FIRM**
5500 North 24th Street
Phoenix, AZ 85016
Telephone: (602) 285-4435
Facsimile: (602) 287-9184
Email: brett@slaviceklaw.com
james@slaviceklaw.com
justin@slaviceklaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Miller,<br><br>  Plaintiff,<br><br>v.<br><br>Trumbull Insurance Company, Hartford Insurance Company of the Southeast, Twin City Fire Insurance Company, Hartford Underwriters Insurance Company, and Hartford Insurance Company of the Midwest,<br><br>  Defendants. | Case No. 2:22-cv-01545-JJT<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(Assigned to the Honorable John J. Tuchi) |

# I. INTRODUCTION

Nothing has changed since the Court preliminarily approved this Settlement. The Settlement Agreement remains fair, reasonable, and adequate. The $13,940,000.00 cash payment provides a significant recovery for the Class, which consists of only 359 Class members.[1] *See* ECF No. 52 at 11.

The Settlement is well-received by the Class Members. Direct notice to the Class was extremely successful, with 100% of the 359 Class Members receiving notice. No Class Member filed an opposition. And no Class Member opted out. Every member of the Class has chosen to stay and benefit from the Settlement. And, importantly, every class member will get their recoveries delivered without any action required by them.

Because nothing has changed since preliminary approval and the Class reception has been overwhelmingly positive, the Court should grant final approval.

## II. THE SETTLEMENT SHOULD BE APPROVED

**A.   Notice under Rule 23 has been satisfied.**

This Court previously approved the proposed notice plan as meeting the requirements of Rule 23. ECF No. 63. In compliance with that plan, Epiq, the Settlement Administrator, posted copies of the Settlement Agreement and the Preliminary Approval Order, as well as the Notice and Motion for Preliminary Approval to the settlement website on October 10, 2024. Declaration of Lucas Q. Meyer Regarding Implementation of Notice and Settlement Administration ("Meyer Decl.") ¶¶ 2,16 (attached as Exhibit A). Epiq also posted FAQs to the settlement website. *Id.* ¶ 16.

As directed by this Court, Epiq sent the first notice of the Settlement to the Class on October 11, 2024. *Id.* ¶¶ 9–11. As further directed by this Court, Epiq sent the revised notice of the Settlement to the Class on February 17, 2025. *Id.* ¶ 13. As of April 22, 2025, Epiq successfully mailed both notices to all 359 Class Members, with no notices known

---

[1] Even after paying Class Counsel 30% of the settlement fund, paying for costs, and paying an incentive award, the Class will receive over $9.6 million.

to be undeliverable, or a 100% deliverable rate on both mailed notices.[2] *Id.* ¶ 15. In other words, 100% of the Class members have received direct notice by mail in the revised form approved by this Court. *Id.* The total cost of notice to the Class was $21,450.00 with an additional $269,700.00 to be spent by Epiq on resolving any Medicare liens and processing payments to Class Members. *Id.* ¶ 21.

No Class Members requested to be excluded and no Class Members have filed an objection to the Settlement. *Id.* ¶¶ 18–19.

**B.     The Settlement is fair, reasonable, and adequate.**

In granting final approval of a proposed class action settlement, the Court must determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 830 (N.D. Cal. 2017) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). Plaintiff addressed the first six factors in their Motion for Preliminary Approval and incorporate those arguments by reference. *See* ECF No. 51. Because nothing has changed since they filed that Motion, Plaintiff will not repeat those arguments here. ECF No. 52. The two factors Plaintiffs did not address at preliminary approval—the presence of a governmental participant and the reaction of the Class—also weigh in favor of granting final approval of the Settlement.

---

[2] Epiq also emailed notice to Class Members, where an email was available. Of the 273 Class Members with potentially valid email addresses, Epiq was able to deliver email notice to 170 Class Members. Meyer Decl. ¶ 8.

### 1. The presence of a government participant.

There is no governmental participant in this case. Defendant, through the Settlement Administrator Epiq, provided CAFA notice of the proposed Settlement, and no government entity has raised an objection. *See* Meyers Decl. ¶ 5, Attachment 1, CAFA Decl. "The lack of objections favors settlement." *Knapp*, 283 F. Supp. 3d at 833.

### 2. Reaction of the Class Members.

The reaction of the Class has been overwhelmingly positive and weighs in favor of approval. Not a single Class Member has opted out or filed an objection despite receiving both the Notice and the revised Notice in this case.

First, that 100% of the Class stayed and accepted the Settlement provides an "objective positive commentary as to its fairness" and weighs in favor of approval. *Knapp*, 283 F.Supp.3d at 834 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). Second, that **no** Class Members have objected "raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members" and weighs in favor of final approval. *Id.* at 833–34; *see also J.L. v. Cuccinelli*, No. 18-CV-04914-NC, 2019 WL 6911973, at *3 (N.D. Cal. Dec. 18, 2019) (no objections to the settlement weigh in favor of final approval). The lack of objections and exclusions is particularly notable here, as many of the Class Members are receiving significant recoveries and would be motivated to object or opt out if they did not believe the settlement was fair. The Class Members' overall reaction to the Settlement supports approval.

### C. Final Payment of the Settlement

Because Plaintiff is required to verify whether the Class Members have any Medicare or Medicaid liens, and pay those liens before making any final payment to Class Members, Plaintiff requests that the Court approve a timeline for payment that accounts for the time needed by Epiq to resolve those liens. More specifically, Plaintiff requests that the Court order Epiq to make all final payments to Class Members within thirty days of the resolution of all applicable Medicare and Medicaid liens.

### III. CONCLUSION

Plaintiff requests that this Court enter an order granting final approval of the Settlement.

Dated: April 24, 2025

Respectfully submitted by,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *s/ Robert B. Carey*
    Robert B. Carey
    John M. DeStefano
    Michella Kras

THE SLAVICEK LAW FIRM
    Brett L. Slavicek
    James Fucetola
    Justin Henry

*Attorneys for Plaintiff*