**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Charles Miller,

          Plaintiff,

v.

Trumbull Insurance Company,

          Defendant.

No. CV-22-01545-PHX-JJT

**ORDER**

Two motions are at issue. The first is the parties' Joint Motion to Issue Addendum to Final Approval Order ("Motion for Addendum") (Doc. 81). The second is Plaintiff's Uncontested Motion of Class Counsel to Authorize Disclosure of Protected Health Information ("Motion to Disclose") (Doc. 82).

In the Motion to Disclose, Plaintiff requests, and Defendant does not oppose, that the Settlement Administrator "Epiq" be authorized to act on behalf of all Class Members to identify and resolve medical liens and seek disclosure of protected health information in the process of identifying and resolving those liens. (Doc. 82 at 5–6.) Because the ultimate distribution of Settlement Funds to Class Members depends on the resolution of medical liens and resolution requires access and disclosure of the Class Members' protected health information, the Court will grant Plaintiff's Motion to Disclose.

In the Motion for Addendum, the parties request clarification of the order in which distributions and administrative fees will be paid. (Doc. 81 at 2.) First, the parties propose that Epiq initially determine which Class Members have Medicare and Medicaid liens, and

that the administrative costs to do so be paid from Settlement Funds prior to any distribution. (*Id*.) Next, those Medicare and Medicaid liens must be resolved. (*Id.*) According to the parties, resolution can occur in two different chronologies: (1) the liens will first be resolved and administrative lien fees resulting from the resolution process will be assessed against the entire Class before Settlement Funds are distributed to all Class Members; or (2) the Class Members without liens will receive their portions of Settlement Funds first, then the liens will be resolved and administrative fees will be assessed against only those Class Members with liens. (*Id.*) The parties request that the Court order the latter option. (*Id.*)

In essence, the issue of lien resolution—and assessment of resulting administrative fees—is one of timing. The Court recognizes the fairness and appeal of assessing administrative lien fees against only those Class Members who incur them. However, the Court cannot reconcile Plaintiff's previous statements that, "as a matter of law, Class Counsel must resolve Medicare liens before tendering any settlement funds to class members," and "that the Medicare and Medicaid liens will be paid ***before*** final payment is issued." (Doc. 64 at 2 (emphasis in original).) In the Motion for Addendum at bar, neither party clarifies these statements nor provides legal authority that would permit partial distribution of Settlement Funds prior to resolution of the medical liens. Should either party wish to provide clarification that partial distribution is permissible under the applicable legal authority, they may file a motion with the Court.

**IT IS HEREBY ORDERED** granting Plaintiff's Uncontested Motion of Class Counsel to Authorize Disclosure of Protected Health Information (Doc. 82).

**IT IS FURTHER ORDERED**:

1.    The cost for Epiq, the appointed Settlement Administrator, to determine which Class Members have Medicare and Medicaid liens shall be paid out of the Settlement Fund, along with Epiq's other reasonable general administration costs, prior to the distribution of the Settlement Fund to Class Members.

2.      Epiq is authorized to act as the agent for the Class Members for the purpose of identifying and resolving potential by Epiq, including, but not limited to, (a) *en masse* data submissions with Healthcare Entities for the purpose of identifying healthcare coverage and related claims itemizations for Plaintiff, and (b) accessing Internet-based healthcare coverage information sources, including, but not limited to, www.mymedicare.gov.

3.      Epiq, as the Settlement Administrator, is exclusively authorized to develop and administer a uniform and consolidated process with the Centers for Medicare and Medicaid Services ("CMS") for the global identification and resolution of Medicare Part A and/or Part B fee-for-service reimbursement claims on behalf of the Class Members, some of who are or were Medicare beneficiaries.

4.      Any Healthcare Entity who receives a request from Epiq, in the performance of its functions and duties as the Settlement Administrator, for the Class Members' Protected Health Information is authorized and required to disclose that information to Epiq in response to the request. If Epiq requests that the Healthcare Entity disclose the Class Members' Protected Health Information in a list or other aggregated format, the Healthcare Entity may disclose the Class Members' Protected Health Information to Epiq in the format requested in lieu of submitting such information on a case-by-case basis.

5.      Epiq is authorized to disclose the Class Members' Protected Health Information to Healthcare Entities in the performance of its functions and duties as the Settlement Administrator. In making such disclosures, Epiq is authorized to disclose the Class Members' Protected Health Information to Healthcare Entities in lists or other aggregated formats in lieu of submitting such information on a case-by-case basis.

6.      Consistent with 45 C.F.R. § 164.512(a), (e)(1)(i), HIPAA authorizations are not required for any disclosure requested or made pursuant to this Order.

7.      As used herein, "HIPAA" means the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts

160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

8.     As used herein, "Healthcare Entity" means any Governmental Payor, Medicare Part C or Part D Program sponsor, other private health plan (whether insured or self-funded), payor, or provider, or other Covered Entity, and any Business Associate of one of the foregoing persons or entities.

9.     As used herein, "Governmental Payor" means any federal, state or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include the federal Medicare fee-for-service (Parts A and B) program administered by the Centers for Medicare and Medicaid Services ("CMS"), the Office of Financial Management, and its respective recovery contractors; the Medicaid programs (including Medicaid Managed Care Organizations/Plans) of each state and territory and of the District of Columbia, and their respective recovery contractors, including but not limited to, Health Management Systems; the U.S. Department of Veterans' Affairs, by and through its Office of General Counsel, and/or its Revenue Law Group; the Defense Health Agency (previously managed by TRICARE) and/or the respective Medical Cost Recovery Units of the Judge Advocate General's Corps for the Air Force, Army, Navy, and Coast Guard, respectively; and Indian Health Services.

10.     As used herein, "Medicare Part C or Part D Program" means the program(s) under which Medicare Advantage, Medicare cost, and Medicare health care prepayment plan benefits and Medicare Part D prescription drug plan benefits are administered by private entities that contract with CMS.

11.     As used herein, "Covered Entity" has the meaning set forth in 45 C.F.R. § 160.103.

12.    As used herein, "Business Associate" has the meaning set forth in 45 C.F.R. § 160.103.

13.    As used herein, "Protected Health Information" has the meaning set forth in 45 C.F.R. § 160.103.

**IT IS FURTHER ORDERED** denying without prejudice the Joint Motion to Issue Addendum to Final Approval Order (Doc. 81).

Dated this 30th day of October, 2025.

_____
Honorable John J. Tuchi
United States District Judge